**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Gouya Ranekouhi, Esq. (SBN: 288267)
gouya@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Robert Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR BARRETO; Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KEMPER CORPORATION; KEMPER SERVICES GROUP; and, FINANCIAL INDEMNITY COMPANY<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>   1. California Bus. & Prof. §§ 17200 et seq.<br>   2. Fraud<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Plaintiff OMAR BARRETO (hereinafter "BARRETO" or "Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of KEMPER CORPORATION (hereinafter "KEMPER CORP" or jointly as "Defendants" or "KEMPER"), KEMPER SERVICES GROUP (hereinafter "KSG" or jointly as "Defendants" or "KEMPER"), and FINANCIAL INDEMNITY COMPANY (hereinafter "FIC" or jointly as "Defendants" or "KEMPER") and for willfully and knowingly failing to pay Defendants' pro rata share of litigation costs and fees as it pertains to medical payment coverage reimbursements as to indicate a general business practice. Plaintiffs allege as upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by their attorneys.

# JURISDICTION AND VENUE

2. This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Orange, County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendants:

   (a) are authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

   (b) do substantial business within this district;

    (c)    are subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)    the harm to Plaintiff occurred within this district.

## PARTIES

4.  Plaintiff is an individual who at all relevant times herein alleged, has resided in the City of Orange, in the State of California.

5.  Plaintiff believes and thereupon alleges that at all relevant times herein alleged, KEMPER CORP has been an insurance company, incorporated in the State of Delaware, has headquarters in the State of Illinois, and does business in the County of Orange, in the State of California.

6.  Plaintiff believes and thereupon alleges that at all relevant times herein alleged, KSG has been an insurance company with offices located in Iowa, and does business in the County of Orange in the State of California. Furthermore, Plaintiff believes and thereupon alleges that KSG is a subsidiary of KEMPER CORP.

7.  Plaintiff believes and thereupon alleges that at all relevant times herein alleged, FIC has been an insurance company incorporated in the State of Illinois, and doing business in the County of Orange in the State of California. Furthermore, Plaintiff believes and thereupon alleges that FIC is a subsidiary of KEMPER CORP.

8.  Plaintiff is informed and believes and based upon such information and belief thereon alleges that at all material times each of the Defendants was an agent, servant and employee of their co-defendants and in doing the things alleged were acting within the scope of their authority whose actions and conduct herein alleged with the permission and consent of the co-Defendants. Each of the Defendants' actions and conduct was known to, authorized and ratified by their co-Defendants. As such, Plaintiff alleges that each Defendant is vicariously responsible for the acts and/or omissions of each other Defendant.

## FACTUAL ALLEGATIONS

9. Plaintiff believes and thereupon alleges that at all relevant times herein alleged, Defendants advertised themselves to the public and consumers at large, such as Plaintiffs, as an insurance provider that takes care of its insured with the utmost attention and protects its insured's interests. Defendants advertised, and continue to advertise, a promise to protect consumers, and provide fast and caring services and to be there when consumers need them most.

10. At all relevant times herein alleged, Plaintiff was considered an insured under a Medical Payments Coverage provision provided by a KEMPER insurance policy ("Policy").

11. On April 24, 2013, Plaintiff was involved in an automobile accident. As a result of the accident, Plaintiff sustained personal injuries for which he received medical treatment.

12. As a result of the injuries sustained, Plaintiff, through counsel, pursued an action against the driver of the other automobile involved in the automobile accident.

13. On June 10, 2013, Defendants wrote a letter to Plaintiff's counsel and advised Plaintiff that Defendants had a right to reimbursement for medical payments. Defendants referred to Part B of the Policy, which states:

> "When a person has been paid by us under this policy and recovers payment for the same expenses from another, the amount recovered from the others shall be held in trust for us and reimbursed to us to the extent of our payment, and we shall have a lien on such recovery from another."

14. Although Defendants' June 10, 2010 letter, along with the Policy, provides that Defendants are entitled to reimbursement to the extent of Defendants' payment, it entirely failed to provide a reasonable explanation as to the facts or applicable law Defendant considers in denying a claim or for any offer

of a compromise settlement as it pertains to reimbursement of medical payments. Specifically, the letter failed to inform Plaintiff that Defendants were required to pay Defendants' pro rata share of attorney fees and costs if there was any recovery by Plaintiff from the third party. A true and correct copy of the June 10, 2010 letter is attached hereto as Attachment 1.

15. Per the Policy with Defendants, Plaintiff, on July 26, 2013, submitted a request to Defendants for medical payment reimbursement.

16. On August 23, 2013, Plaintiff reached a settlement agreement for Plaintiff's damages in the amount of $1,800.00 with the third party for his auto accident.

17. Thereafter, on or about September 23, 2013, Defendants issued a payment under the medical payment coverage of the Policy in the amount of $415.00 to Plaintiff.

18. On or about October 8, 2013, Defendants sent yet another letter informing Plaintiff that Defendants had made payment to Plaintiff in the amount of $415.00. It further advised Plaintiff "If we make payment under this policy and the person to or who payment is made recovers damages from another, that person shall hold in trust for us the proceeds of the recovery and reimburse us to the extent of our payment." Defendants yet entirely failed to acknowledge and inform Plaintiff and/or Plaintiff's counsel that Defendants were required to pay Defendants' pro rata share of attorney fees and costs if there was any recovery.

19. The October 8, 2013 letter written by Defendants never inquired about the actual litigation costs or attorney fees expended by Plaintiffs in securing the settled recovery. Instead, they demanded and received approximately 66% of the medical payments. More specifically, the letter indicated an amount of $276.80 to be returned to Defendants, which reflected the medical payment of $415.00 minus $138.20 (1/3 for attorney's fees) for a total of $276.80 as reimbursement to Defendants. A true and correct copy of the October 8, 2013

letter is attached hereto as Attachment 2.

20. On October 14, 2013, Plaintiff's then counsel issued a reimbursement check in the amount of $276.80 to Defendants as a reimbursement.

21. Plaintiff believes and thereon alleges that pursuant to California law, Defendants had a legal obligation to pay their pro rata share of litigation costs and fees when recovering medical payment reimbursement from its insured.

22. Plaintiff believes and thereon alleges that Defendants knew of their obligation to pay their pro rata share of litigation costs and fees when recovering medical payment reimbursement from its insured.

23. Plaintiff believes and thereon alleges that Defendants have a practice of making arbitrary demands for reimbursement of medical payments that are devoid of any clear formula and without consideration of its insured's litigation costs and attorney fees expended.

24. Plaintiff believes and thereon alleges that Defendants never advise nor inform its insured of Defendants legal obligation to pay their pro rata share of litigation costs and fees when recovering medical payment reimbursement from their insured.

25. Plaintiff believes and thereon alleges that Defendants' conduct as herein alleged is standard procedure for Defendants, and Defendants willfully and knowingly conduct Medical Payment Reimbursement in the manner herein described with such frequency as to indicate a general business policy and practice.

26. Plaintiff believes and thereon alleges that Defendants' conduct as herein alleged is carried out willfully and without regard for the wellbeing of Plaintiff and other similarly situated consumers' and that Defendants' conduct disregards and avoids any attempt at making Plaintiff and other similarly situated consumers whole.

27. Plaintiff believes and thereon alleges that Defendants' conduct is an

attempt to maximize Defendant's profit and limit the amount paid out on behalf of their insured.

28. Plaintiff believes and thereon alleges that Defendants continuously deprive their insured of Defendants' pro rata share responsibility of litigation costs and fees associated with medical payment reimbursement recovery.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class").

30. Plaintiff represents, and is a member of, "The Class," which is defined as follows:

> "All persons in California who have received payment from Defendants under an automobile insurance policy provided by Defendants, which included Medical Payment Coverage, and who recovered for injuries sustained through legal counsel, and from whom Defendants requested reimbursement for Medical Payments without paying Defendants' pro rata share of litigation costs and/or fees, within four years prior to the filing of the original Complaint in this action."

31. Defendants, and its employees and agents are excluded from The Class.

32. Plaintiff does not know the number of members in The Class, but believes this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

33. This suit seeks only monetary damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further

investigation and discovery.

34. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

    a. Whether Defendants have a policy of making arbitrary settlement demands devoid of any basis in fact or law for reimbursement of medical payments and without consideration of Defendants' pro rata share responsibility for litigation costs and fees;

    b. Whether Defendants should be required to inform their insured of Defendants' responsibility to pay Defendants' pro rata share of litigation fees and costs;

    c. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations;

    d. Whether such conduct violates California law; and

    e. Whether Defendants should be enjoined from engaging in such conduct in the future.

36. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to a full refund of medical payment reimbursements paid to Defendants.

37. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

38.     Plaintiff and the members of The Class have all suffered irreparable harm as a result of Defendants' unlawful and wrongful conduct.  Absent a class action, The Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

39.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with California law.  The interest of The Class members in individually controlling the prosecution of separate claims against Defendants is small because the restitution owed to each individual member is relatively small compared to the expense and burden of prosecuting individual cases.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40.     Defendants have acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION
## CAL. BUS. & PROF. CODE §§ 17200 ET SEQ
### (California's Unfair Competition Law)

41.     Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

42.     "Unfair competition" is defined in Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," three of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, and (3) the practice of an "unfair, deceptive, untrue or misleading advertisement".  The definitions in § 17200 are disjunctive, meaning

that each of these "wrongs" (Plaintiff alleges all three here) operates independently from the others.

43. Plaintiff and Defendants are each "person[s]" as defined by California Business & Professions Code § 17201.

44. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

### a. "UNLAWFUL BUSINESS ACT" PRONG

45. Defendants' failure to consider and pay their pro rata share of attorney fees and costs is an "unlawful" business act or practice under §17200, in that Defendants' conduct is a violation of long standing and existing case law which requires Defendants to pay a pro rata share of its insured's attorney fees and costs when Defendants seek reimbursement from its insured out of funds obtained by its insured's from a responsible third party.

46. For at least the four years prior to the filing of this action, and as set forth above, Defendants have committed acts of unfair competition as defined by Business & Professions Code §§ 17200 et seq., by failing to determine the attorney fees and costs expended by its insured to recover funds from third parties, and by failing to pay Defendants' pro rata share of those attorney fees and costs.

### b. "UNFAIR BUSINESS ACT" PRONG

47. Defendants' actions and representations constitute an "unfair" business act or practice under §17200, in that Defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendants to refuse and fail to inform Plaintiff, and similarly situated consumers, of Defendants obligation to pay their pro rata share of litigation costs and fees when asking for medical payment reimbursements. This conduct forces consumers, such as Plaintiff, to solely carry the burden of litigation

1 and the costs associated therewith for the benefit of Defendants.

2     48.    For at least the four years prior to the filing of this action, and as set forth above, Defendants have committed acts of unfair competition as defined by Business & Professions Code §§ 17200 et seq., by failing to inform its insured that Defendants were responsible for their pro rata share of litigation costs and fees.

### c. "UNFAIR, DECEPTIVE, UNTRUE, OR MISLEADING ADVERTISMENT" PRONG

49.    Defendants' advertisement practices are unfair, deceptive, untrue, and misleading and are a violation §17200, in that Defendants' conduct are substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, Defendants advertised and continues to advertise a promise to protect consumers, and provide fast and caring services and to be there when consumers need them most. However, in practice, Defendants have failed such advertised promises and have kept consumers, such as Plaintiff, in the dark as to what factors and facts are considered by Defendants in determining the amount of medical payments reimbursement, and have continuously withheld from informing consumers of Defendants' obligation to pay their pro rata share of litigation costs and fees. As such, consumers, such as Plaintiff, are left without important information as to their rights and the obligations of Defendants solely to the detriment of Plaintiff and similarly situated individuals.

50.    Plaintiff and other members of The Class could not reasonably have avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

51.    There were reasonably available alternatives to further Defendants'

1 legitimate business interest, other than the conduct described herein.

2     52.    The unlawful and unfair business practices of Defendants, as described above, present a continuing threat to consumers in that they will continue to be left uninformed without a reasonable understanding of what they might expect to have to pay back for medical payment reimbursement to Defendants.

    53.    As a direct and proximate result of the aforementioned acts and omissions of Defendants, Defendants received and continue to hold monies rightfully belonging to Plaintiffs and other similarly situated consumers who were led to pay, and/or pay more for, the reimbursement of medical expenses to Defendants due to the unlawful acts of Defendants.

    54.    Thus, Defendants caused Plaintiff and other members of the Class to pay reimbursements of amounts Defendants were not entitled to nor could have lawfully recovered.

    55.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices, entitling Plaintiffs to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief. Pursuant to Business & Professions Code §17203, as result of each and every violation of the Unfair Competition Law, which are continuing, Plaintiff and members of the putative class are entitled to restitution from Defendants, as set forth in the Prayer for Relief.

    56.    Plaintiff and members of the putative class have suffered injury in fact and have lost money as a result of Defendants' unlawful and unfair competition, as more fully set forth herein. Plaintiff and members of the putative class have been injured because they were required to reimburse Defendants an arbitrary amount without any consideration for Defendants' pro rata share responsibility for attorney fees and costs.

    57.    Defendants, through their acts of unlawful and unfair competition,

1  have unfairly acquired money from Plaintiff and members of the putative class. It
2  is impossible for Plaintiff to determine the exact amount of money that
3  Defendants have obtained without a detailed review of Defendants' books and
4  records. Plaintiff requests that this Court restore this money and enjoin Defendants
5  from continuing to violate California Business & Professions Code §17200 et
6  seq., as discussed above.

7      58.    Plaintiff further seeks an order requiring Defendants to make full
8  restitution of all moneys wrongfully obtained and disgorge all ill-gotten revenues
9  and/or profits, together with interest thereupon.

10     59.    Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*,
11 California Civil Code section 1021.5.

## SECOND CAUSE OF ACTION
### FRAUD

14     60.    Plaintiff repeats, re-alleges and incorporates herein by reference the
15 above allegations as if fully stated herein.

16     61.    Plaintiff believes and thereon alleges that Defendants, and each of
17 them, intentionally and willfully committed fraud by demanding reimbursement
18 from Plaintiff and those similarly situated, for the medical payments made by
19 Defendants, in an amount greater than Defendants were entitled pursuant to
20 Defendants' obligation to pay their pro rata share of litigation costs and fees when
21 requesting medical payment reimbursements from their insured.

22     62.    Plaintiff believes and thereon alleges that at all relevant times,
23 Defendants knew that Defendants were not entitled under California law, to be
24 reimbursed for the medical payments made by Defendants, in an amount greater
25 than Defendant was entitled pursuant to Defendants' obligation to pay their pro
26 rata share of litigation costs and fees when requesting medical payment
27 reimbursement from their insured.

28     63.    Plaintiff believes and thereon alleges that Defendants never intended

to protect or keep Plaintiff and those similarly situated informed, and never intended to pay Defendants' pro rata share of litigation costs and fees when recovering medical payment reimbursement from its insured.

64. Plaintiff believes and thereon alleges that Defendants' conduct as herein alleged was committed willfully and deliberately to damage Plaintiff and those similarly situated out of self-interest and monetary gain.

65. Plaintiff believes and thereon alleges that Plaintiff, and other similarly situated individuals, relied on Defendants' false representations when Defendants were reimbursed for the medical payment coverage.

66. As a result of Defendants' actions, Plaintiff and those similarly situated have paid more in medical payment coverage reimbursement to Defendants, who are not entitled to such amounts, and have been damaged thereby.

67. The conduct of Defendants articulated herein were intended by Defendants to cause injury to Plaintiff and those similarly situated, and/or was despicable conduct carried on by Defendants, and authorized and ratified by managing agents of the corporate Defendants, with a willful and conscious disregard of the rights of Plaintiff and those similarly situated. Such conduct subjected constituted intentional misrepresentations, deceit or concealment of material facts known to Defendants with the intent to deprive Plaintiff and those similarly situated of property, legal rights, or otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants in an amount to be determined at the time of trial.

## **PRAYER FOR RELIEF**

68. WHEREFORE, Plaintiff requests the Court grant Plaintiff and The Class members the following relief against Defendants:

- That this action be certified as a class action on behalf of The Class and

Plaintiff be appointed as the representative of The Class;
- Injunctive relief in the form of an order requiring Defendants to disgorge all medical payment reimbursement gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendants by means of such unfair and unlawful conduct;
- That the Court preliminarily and permanently enjoin Defendants from demanding compromised medical payments reimbursement without paying their pro rata share of attorney fees and costs;
- For general damages according to proof;
- For special damages according to proof;
- For exemplary or punitive damages as to Count 2;
- For costs of suit;
- For an award of reasonable attorneys fees pursuant to *California Bus. & Prof. §§ 17200 et seq;*
- For prejudgment interest at the legal rate; and
- For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

69.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: September 23, 2014                     **KAZEROUNI LAW GROUP APC**

                                              BY:   /S MOHAMMAD KAZEROUNI
                                                    MOHAMMAD KAZEROUNI, ESQ.
                                                    ATTORNEY FOR PLAINTIFF